IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MUHAMMAD L. SIDDIQUE,<br><br>       Plaintiff,<br><br>v.<br><br>(2) WESTERN HERITAGE INSURANCE COMPANY, (3) SPECIALTY INSURANCE MANAGERS OF OKLAHOMA, INC., (4) WARDLAW CLAIMS SERVICE, LLP, and (5) DENNIS RAY EASTEP, JR.<br><br>       Defendants. | Case No. 6:14-cv-00456-SPS<br>(formerly Murray County<br>Case No. CJ-2014-42) |

## DEFENDANT WESTERN HERITAGE'S NOTICE OF REMOVAL

Defendant, Western Heritage Insurance Company (hereinafter "this Defendant" or "WHIC"), hereby submits its notice of removal of this action to the United States District Court for the Eastern District of Oklahoma. Pursuant to LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBIT 1** (Docket Sheet), **EXHIBIT 2** (Petition), **EXHIBIT 3** (Summons - Wardlaw), **EXHIBIT 4** (Summons - Eastep), **EXHIBIT 5** (Summons - Specialty Insurance), **EXHIBIT 6** (Summons - Western Heritage), **EXHIBIT 7** (Alias Summons - Wardlaw), and **EXHIBIT 8** (Return of Service - Western Heritage), **EXHIBIT 9** (Return of Service - Eastep), and **EXHIBIT 10** (Return of Service - Specialty Insurance). No other motions, pleadings or papers have been received by Defendant or filed in the state court case.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – due to the fraudulent joinder of non-diverse Defendants – complete diversity exists between all <u>proper</u> parties. In further support, Western Heritage Insurance Company submits the following:

1. Plaintiff, Muhammad L. Siddique, is, according to the Petition filed in this case, " a resident of Davis, Murray County, Oklahoma." (*See* para. 1 of Petition, **EXHIBIT 2**.)

2. According to Plaintiff's Petition, WHIC is organized under the laws of the state of Arizona. (*See* para. 2 of Petition, **EXHIBIT 2**.)

3. According to Plaintiff's Petition, Defendant Specialty Insurance is incorporated under the laws of the State of Oklahoma.  (*See* para. 3 of Petition, **EXHIBIT 2**.)

4. Plaintiff alleges that Defendant Wardlaw Claims is "a corporation authorized to conduct business in Oklahoma," but the Petition is silent as to the domicile of said company. Wardlaw (who has not yet been served with process) is actually domiciled in Texas. (*See* Franchise Tax Account Status for Wardlaw, **EXHIBIT 11**.)

5. According to Plaintiff's Petition, Defendant Eastep is a citizen of Oklahoma.  (*See* para.  5 of Petition, **EXHIBIT 2**.)

6. WHIC submits that Defendants Specialty Insurance Managers of Oklahoma, Inc. and Dennis Ray Eastep, Jr., were fraudulently joined for purposes of attempting to defeat federal diversity jurisdiction. (Although Wardlaw was also fraudulently joined, it is a moot point as to that Defendant because Wardlaw is domiciled in Texas.)  This proposition will be discussed in greater detail, below.

5. Plaintiff is suing WHIC for breach of contract and bad faith in connection with WHIC's allegedly inadequate payment associated with a hail loss for Plaintiff's real property located in Murray County, Oklahoma. In his the Petition, Plaintiff failed to follow 12 O.S. § 2008(2), which requires a plaintiff to state whether he seeks more or less than "the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the Untied States Code."  Instead, Plaintiff

2

improperly claims damages "in excess of $10,000." However, Plaintiff also prays, among other things, for "payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage of its dwelling and personal property caused by the May 23, 2013, hail storm, together with interest on all amounts due." (*See* p.18 of Petition, **EXHIBIT 2**.) On June 17, 2014, after filing the subject lawsuit, Plaintiff's counsel sent Western Heritage a courtesy copy of the Petition, along with a demand for payment of additional benefits. More specifically, Plaintiff's counsel pointed out that Western Heritage's payment of $34,880.86 was inadequate, because Plaintiff's contractor's estimate was in the amount of $148,618.79. (*See* letter of June 17, 2014, signed by Mr. Sanov, attached hereto as **EXHIBIT 12**.) Accordingly, because Plaintiff seeks by way of the present lawsuit "payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance," and because in June of 2014, Plaintiff was alleging that **Western Heritage owed an additional $113,737.93**, and because Plaintiff also seeks "compensory damages," "disgorgement of the increased financial benefits derived by Defendants," "actual and punitive damages," and "attorney fees, costs and interest," it is clear that more than $75,000 is at issue in this case.

6.   Plaintiff filed the present case in the District Court of Murray County, Oklahoma, Case No. CJ-2014-42, on May 19, 2014. Service of process against this Defendant was accomplished through personal service in Arizona, rather than through the Oklahoma Insurance Commission, on September 16, 2014. (*See* proof of service filed by Plaintiff, **EXHIBIT 8.**)

7.   Disregarding the non-diverse Defendants who WHIC submits were fraudulently joined, the remaining controversy is between parties who are residents of different states, with

alleged damages in excess of $75,000. Therefore, removal jurisdiction exists pursuant to 28 U.S.C. § 1441(a) on the ground that the federal court has diversity jurisdiction under 28 U.S.C. § 1332.

8. This notice of removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because this notice is filed within 30 days of service upon WHIC.

9. At the time of this removal, there are no pending motions in this case in the Murray County District Court.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be served on counsel for Plaintiff, and a copy of this notice of removal will be filed with the clerk of the District Court of Murray County, State of Oklahoma.

11. Pursuant to L.Cv.R. 81.2, copies of all documents filed or served in the state court action, as well as a certified copy of the docket sheet in the state court action, are filed contemporaneously herewith and adopted herein by reference. No other pleadings have been received by Defendant or filed in the case.

12. Defendant Specialty Insurance Managers of Oklahoma, Inc., consents to removal. (*See* Consent Form, attached as **EXHIBIT 15**.)

13. Defendants Wardlaw and Eastep consent to removal. (*See* Consent Form, attached as **EXHIBIT 16**.)

14. With regard to the issue of improper or fraudulent joinder, Defendant submits the following argument and authorities.

**Applicable Standard**

Any Defendant who has been fraudulently joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006). The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38, 66 L. Ed. 144 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D.Okla. 2006), the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain

5

> underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor. *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276. The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, ***the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted*** under Fed.R.Civ.P. 12(b)(6). *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D.Okla. 1969).

*Id.* at 1278 -1279 (emphasis added). The *Slover* court concluded by making the succinct but meaningful observation that, "if the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id*. at 1279.

### Summary of Argument

In the present case, WHIC submits that the precise issues here – i.e., whether an insured can state a valid cause of action against an independent adjuster hired by an insurer to investigate a loss, whether anyone other than the insurer (i.e., the party to the insurance contract) owes an insured a duty of good faith, and whether an insured can state a valid cause of action against an insurance agent with vague allegations regarding Plaintiff's purported request for "adequate" coverage – have all been addressed. And, all questions were answered in the negative. That is, there is no valid, independent cause of action by an insured against an independent adjuster who adjusts the insured's

6

loss on behalf of an insurer (whether couched in terms of negligence or bad faith), and the Western District has also recently determined that vague allegations about a purported request for "adequate" coverage, no matter how a plaintiff might attempt to disguise or dress-up the allegations, will not support any theory of recovery against an insurance agent.

### Discussion

**PROPOSITION 1: PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT ADJUSTER WARDLAW AND EASTEP.**

In his Petition, Plaintiff alleges that Wardlaw and Eastep (the "adjuster Defendants") owed Plaintiff a duty of good faith and fair dealing. That theory of liability appears to be the only theory directed toward Wardlaw and Eastep. The problem (for Plaintiff) is that Plaintiff himself does not even allege that the adjusting company and the individual adjuster – Wardlaw and Eastep – were parties to the contract. In fact, Plaintiff alleges only that Western Heritage and Plaintiff were the parties to the insurance contract.

Thirty-two years ago, in the case of *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla. 1982), the Oklahoma Supreme Court recognized that "non-insurer defendants" are not subject to the implied duty of good faith and fair dealing. *Timmons* at 912, quoting *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032 (1973). Similarly, in *St. Paul Reinsurance Co. v. Club Services Corp.*, 2002 WL 203343 (10th Cir.), an insurance company sued the insurance agent in an attempt to recover amounts that the insurer paid to settle a bad faith claim brought against it by a purported insured. In dispensing of the case, the 10th Circuit Court of Appeals stated:

> The district court relied primarily on two cases establishing that, in Oklahoma, agents like Mr. Martin and Club Services cannot be liable for breach of the covenant of fair dealing. See *Hayes v. Jackson*

> *National Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997) ("under Oklahoma law, the alleged knowledge and acts of the agent at the time of the application [are] not imputed to the principle for purposes of determining whether the principle acted in bad faith"); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla. 1982) (holding that an agent, as a **stranger to an insurance contract**, cannot be held to breach an implied covenant of fair dealing). We agree with the district court that Mr. Martin and Club Services cannot be held liable for any bad faith attributable to St. Paul in dealing with Ms. Wilson.

*Id*. at 836 (emphasis added).

Obviously, any attempt to articulate a "bad faith" theory against Wardlaw and Eastep is patently misplaced.

Additionally, and out of an abundance of caution, WHIC is compelled to point out that even if Plaintiff attempts to argue that his Petition somehow articulates a "negligence" cause of action against Wardlaw and Eastep, there would still be no valid cause of action.

In June of 2012, Judge Heaton of the Western District was faced with this precise issue. He determined that there is no valid cause of action for negligence by an insured against an independent adjuster who has been hired by the insurer to investigate the insured's claim.

More specifically, in *Wallace v. Allstate Ins. Co.*, 2012 W.L. 2060664, the Plaintiff sued Allstate for breach of contract and bad faith, and also sued the independent adjuster for negligence. Allstate removed the action to federal court, asserting that, even though the independent adjuster was a non-diverse Defendant, removal was nonetheless proper because the independent adjuster had been "fraudulently joined." *Id* at *1.

The plaintiff moved to remand the case back to state court. After the matter was fully briefed, Judge Heaton framed the issue as follows:

> The dispositive issue as to both the Motion to Remand and the Motion to Dismiss is whether, under Oklahoma law, an independent insurance adjuster hired by an insurer to investigate a claim owes a duty to the insured to conduct a fair and reasonable investigation.

*Id* at *1.

The plaintiff in *Wallace* attempted to rely upon a 2002 decision from the Oklahoma Court of Civil Appeals. Specifically, the plaintiff believed her position was supported by *Brown v. State Farm Fire & Cas. Co.*, 58 P.3d 217 (Okla. Civ. App. 2002), in which the court determined that an insurance investigator hired by an insurance company to investigate the cause of a fire at the insured's property owed a duty to the insured to conduct a fair and reasonable investigation. *Id* at *1. However, Allstate argued, and Judge Heaton agreed, that *Brown* was not only fundamentally flawed in its analysis, but that it improperly relied upon a scant minority of decisions across the country. And, significantly, Judge Heaton correctly recognized that *Brown* has "no precedential value" because it was released for publication not by the Oklahoma Supreme Court, but merely by the Court of Civil Appeals. *Id* at *1, *citing* 20 O.S. § 30.5.

Judge Heaton properly observed that, in the context of an insurance claim, "it is 'the insurer that contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim. Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligation, given that insureds and insurers often disagree on the extent of coverage or the amount of damages.'" *Id* at *2, *quoting Hamill v. Paw Tucket Mut. Ins. Co.*, 892 A.2d 226, 257 (Vt. 2005). Judge Heaton also found the following passage from another state particularly applicable:

> The independent adjuster's obligation is measured by the contract between the adjuster and the insurer. The adjuster that contracts to

> perform a $200 investigation is not obligated to extend the same effort that might be reasonable for a fee of $2,000, nor is it obligated to continue when the insurer advises it to stop. Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer.

*Id* at *2, *quoting Meineke v. GAB Bus. Servs., Inc.,* 991 P.2d 267, 268 (Az. Ct. App. 1999). Judge Heaton further agreed with the very practical point that "while insurers can define and limit their risks, and set their premiums commensurate with those risks . . . adjusters cannot circumscribe their potential risks, and thus could face potentially open-ended liability." *Id* at *2, *quoting Hamill,* 892, A.2d at 231.

Judge Heaton ultimately agreed with Allstate and concluded that the Oklahoma Supreme Court would follow the majority view and not impose a duty on independent insurance adjusters that would subject them to negligence actions by insureds as the result of an allegedly mishandled claim." *Id* at *1. Judge Heaton articulated his reasoning as follows:

> Recognizing a potential tort recovery in these circumstances would be inconsistent with the standards developed by Oklahoma as to the insured - insurer relationship. Allowing plaintiff's negligence claim to proceed against [the independent adjuster] would hold the adjuster to a lesser standard (mere negligence) than that required for an insurer to be liable in tort to its insured. *See Badillo v. Mid-Century Ins. Co.*, 121 P.3d 1080, 1094 (Okla. 2005) (more than "simple negligence" is required for an insurer to be held liable for bad faith); *Hamill*, 892 A.2d at 257 (noting the "unlikelihood that an action claiming negligent mishandling of a claim would be available against even the insurer"). It also conflicts with the Oklahoma Supreme Court's decision that, in the context of a coverage dispute between an insurer and an insured, unless the insured proves bad faith, his recovery will be limited to damages for breach of contract.

*Id* at *2. In this regard, Judge Heaton made the following important observation in footnote 7 of the opinion:

> The duty of good faith and fair dealing on the part of the insurer "is nondelegable so that insurers cannot escape it by delegating tasks to third parties." *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d, 559, 562 (Okla. 2004). Therefore, if the court follows *Brown,* an insurer, while responsible for the actions of an adjuster, could only be sued in contract if the adjuster was merely negligent, while the adjuster could be sued in tort.

*Id* at footnote 7.

Judge Heaton concluded that, "the Oklahoma Supreme Court would hold that an independent insurance adjuster cannot be sued by an insured for mere negligence." *Id* at *3. Notwithstanding the "heavy burden" placed on the party asserting fraudulent joinder, the court found that Allstate "demonstrated that there is no possibility that [plaintiff] would be able to establish a cause of action against [Summit] in state court." *Id.* Accordingly, Judge Heaton denied the Motion to Remand, and dismissed the cause of action against the independent adjuster.

**PROPOSITION 2:   PLAINTIFF FAILS TO STATE A VALID CAUSE OF ACTION AGAINST INDEPENDENT AGENT SPECIALTY INSURANCE MANAGERS OF OKLAHOMA.**

In *Smith v. Allstate Vehicle & Property Insurance Company*, 2014 WL 1382488 (W.D. Okla.), the insured, *Smith*, sued both Allstate and the insurance agent, Muse, in state court. The plaintiffs made several serious-sounding allegations, such as:

- The insurance they requested "was not procured as promised and plaintiffs suffered a loss."

- The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."
- The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement cost benefits."

11

- The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

- The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks and exclusions."

- The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.* at *2.

Judge Heaton in the Western District concluded that "none of these allegations suffice to state a valid claim against Defendant Muse," regardless of whether couched in terms of negligent procurement, negligent misrepresentation, or breach of fiduciary duty. In making his determination, Judge Heaton provided a very thorough discussion of the applicable Oklahoma law which defines the very narrow duty of care an insurance agent owes a customer.

Judge Heaton pointed out that the Oklahoma Court of Civil Appeals held in *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999), that an agent has a duty to use reasonable care and diligence in the procurement of insurance and that an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Id.* Judge Heaton also pointed out that no subsequent court has expanded the *Swickey* rationale, and that subsequent Oklahoma decisions have explicitly determined that there is no duty upon an agent or insurer to advise an insured/customer as to coverage needs, and that a vague request for "adequate" coverage does not somehow broaden the duty of care. *Id.* at *2, quoting Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013), and *Rotan v. Farmers Ins. Group of Cos.,* 83 P.3d 894, 895 (Okla. Civ. App. 2004).

In *Smith*, the plaintiffs also alleged that the insurance procured did "not accurately reflect the replacement cost" of the subject property. Judge Heaton noted, however, that Oklahoma courts

12

"have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of coverage." *Id* at *2, *quoting Cosper,* 309 P.2d at 149.  Judge Heaton concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

In the present case, Plaintiff makes almost the same, precise allegations against the agent, Specialty Insurance Managers of Oklahoma, as the *Smith* plaintiffs made against *Allstate*.  Indeed, the allegations bear such a resemblance to one another that the undersigned created a chart which compares the agent-related allegations in each case, attached hereto as **EXHIBIT 13**.  (Additionally, the Petition from the *Smith v. Allstate* case is attached hereto as **EXHIBIT 14**.)  Although the paragraph numbers are different in the two Petitions, the <u>substance</u> of the allegations against the agents are practically identical in both cases.  If the various and sundry allegations by the insured in the *Smith v. Allstate* case did not pass muster in the Western District, WHIC submits that neither should the same allegations pass muster here.[1]

---

[1] It is not only remarkable that different insureds would articulate the same, exact factual allegations against <u>different</u> insurers under <u>different</u> sets of facts, with <u>different</u> agents, <u>different</u> adjusters, and <u>different</u> insurance policies, but it is truly astounding that this same boilerplate Petition has been filed in the following recent cases throughout Oklahoma by the same law firm:
1. *Mr. Perry Mary, Inc. v. Admiral Insurance Company, et al*; CJ-2014-22, Noble County;
2. *Country Gold, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-136-02, Garfield County;
3. *Goldman, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-135-03, Garfield County;
4. *Ahmed v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-3147, Oklahoma County;
5. *Snow White, LLC v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-610, Cleveland County;
6. *Community Funeral Home v. Hanover Insurance Company, et al.*; CJ-2014-106, Logan County;

Indeed, the plaintiff in *Smith* even complained about the "two step payment process to receive the replacement value of damaged property," as referenced by Judge Heaton. Plaintiff in the present case makes the same argument/criticism regarding the manner in which the replacement cost provisions operate when there has been a loss. Judge Heaton correctly noted that, "while plaintiffs assert Muse had a duty to explain the process for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a duty on an insurance [agent] and the court is aware of none." *Id* at *3. Judge Heaton went on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage.*** *E.g., Bell v. Allstate Ins. Co.*, 2005 WL 1353527, *9 (E.D.Pa. May 31, 2005) (insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); see generally *Silver v. Slusher*, 770 P.2d 878, 883 (Okla.1989) ("As offeror, Farmers had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring UM coverage."). Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she

---

7.  *Bristow v. United Home Insurance Company, et al.*; CJ-2014-44, Murray County;
8.  *Siddique v. Casualty Corporation of America, et al.*; CJ-2014-608, Cleveland County;
9.  *Siddique v. Western Heritage Insurance Company, et al.*; CJ-2014-42, Murray County;
10. *Wright v. National Lloyds Insurance Company, et al.*; CJ2104-47, Oklahoma County;
11. *Talkington v. Casualty Corporation of America, et al.*; CJ-2014-54, Murray County*;
12. *McIntire v. Scottsdale Insurance Company, et al.*; CJ-2014-612, Oklahoma County;
13. *Davenport v. Goodville Mutual Insurance Company, et al.*; CJ-2014-45, Murray County;
14. *A&B Stores v. Liberty Mutual Insurance Company, et al.*; CJ-2014-2892, Oklahoma County;
15. *Maverick Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-2891, Oklahoma County;
16. *Metro Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-2916, Oklahoma County;
17. *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-466, Cleveland County; and
18. *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-467, Cleveland County.

Surely it is not the case that, in every dispute between a property owner and insurer regarding the scope of loss or the loss payment provisions, the agent was somehow negligent in the procurement of coverage.

14

> generally is ***not obligated to explain the policy terms to the insured***. Rather, ***under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions,*** unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. Of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted).

*Id.* (emphasis added).[2]  Judge Heaton then made the following poignant conclusion about the case in front of him:

> Plaintiffs do not assert they specifically asked Muse about the policy's payment terms or that he affirmatively misrepresented what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse ***did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.***

*Id.*  It follows that the same allegations in the present case also fail to establish any breach of duty by the alleged failure of the agent to "explain the benefits payment process" to Plaintiff.

Finally, Judge Heaton addressed the "breach of fiduciary duty" claim.  Judge Heaton succinctly noted that "Oklahoma courts have not imposed a fiduciary duty on an insurance agent to a prospective insured or to an established customer with respect to procurement of an additional policy . . . and the facts pleaded do not warrant extending the law to impose a fiduciary duty here."

---

[2] Similarly, in *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D. Okla. 2006), Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity.  In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations are merged into, and superceded by, the terms of an executed writing." *Id.* at 1281 (emphasis added).  Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and know the contents of the policy before accepting and paying the premium therefore. *Id.* at 1283.  The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy. *Id.*, citing *Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 11 Okla. 579, 69 P. 936, 937 (1902).

15

*Id* at *4, *quoting Swickey*, 979 P.2d at 269; *Cosper*, 309 P.3d at 150. Accordingly, Judge Heaton found that fraudulent joinder had been established due to the inability of the plaintiffs to articulate a cause of action against the non-diverse party.[3]

Of course, the present case is no different. Indeed, the allegations are practically identical. An Oklahoma court has never imposed a fiduciary duty on an insurance agent to a prospective insured or an established customer, and the facts pleaded here certainly do not warrant extending the law.

WHEREFORE, WHIC submits that this matter should be removed to, and remain in, federal district court, and that Defendants Wardlaw, Eastep, and Specialty Insurance Managers be dismissed.

Respectfully submitted,

*S/R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:    (405) 606-3334
Email:          tom@pclaw.org
**ATTORNEY FOR DEFENDANT**
**WESTERN HERITAGE INSURANCE COMPANY**

---

[3] See also *Neill v. State Farm*, et al., 2014 WL 223455 (W.D.Okla.); *Hyman v. Travelers, et al.*, 2014 WL 111942 (W.D.Okla.).

**CERTIFICATE OF SERVICE**

    This certifies that, on October 16, 2014, the above and foregoing instrument was delivered to the following counsel of record:

    J. Drew Houghton                               *VIA U.S. MAIL*
    Foshee & Yaffe
    Post Office Box 890420
    Oklahoma City, Oklahoma 73189

    **MERLIN LAW GROUP**                     *VIA U.S. MAIL*
    Larry Bache
    777 South Harbour Boulevard, 9th Floor
    Tampa, Florida 33602

    Phillip N. Sanov
    Three Riverway, Suite 701
    Houston, Texas 77056

Pursuant to 28 U.S.C. §1446(d), a copy of the foregoing notice has also been sent to:

    Ms. Christie Pittman                         *VIA U.S. MAIL*
    Murray County Court Clerk
    Post Office Box 578
    Sulphur, Oklahoma 73086-0578

                                                            *S/ R. Thompson Cooper*
                                                             For the Firm