# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUHAMMAD L. SIDDIQUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-456-SPS |
| | ) |
| WESTERN HERITAGE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER GRANTING DEFENDANT
## WESTERN HERITAGE INSURANCE COMPANY'S
## PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

This matter comes before the Court on Defendant Western Heritage Insurance Company's Partial Motion to Dismiss and Brief in Support [Docket No. 8] pursuant to Fed. R. of Civ. P. 12(b)(6). On May 19, 2014, Plaintiff Muhammad L. Siddique filed this action in state court in Murray County, Oklahoma, in Case No. CJ-2014-42, against Defendants Western Heritage Insurance Company ("Western Heritage"); Specialty Insurance Managers of Oklahoma, Inc.; Wardlaw Claims Service, LLP; and Dennis Ray Eastep, Jr. *See* Case No. CJ-2014-42. Defendant Western Heritage removed the case to this Court on October 17, 2014, and subsequently filed the present Partial Motion to Dismiss [Docket No. 8], challenging the Plaintiff's Petition [Docket No. 3, Ex. 2] under Rule 12(b)(6) for failing to allege sufficient facts to state a claim upon which relief may be granted as to the Plaintiff's second, third, fourth, fifth, sixth, and seventh causes of

action.[1]  For the reasons set forth below, the Defendant's Partial Motion to Dismiss is hereby GRANTED.

## BACKGROUND

The Plaintiff alleges that he suffered property damage to his home arising from a hailstorm in May 2013, and that the Defendant did not properly adjust his insurance claim. Specifically, he alleged the following causes of action in his Petition: (i) breach of contract, (ii) bad faith for violations of the Oklahoma Unfair Claims Settlement Practices Act, (iii) breach of fiduciary duty, (iv) negligent procurement of insurance, (v) constructive fraud and negligent misrepresentation, (vi) negligent underwriting, (vii) violation of the Oklahoma Consumer Protection Act, and (viii) breach of the common law duty of good faith and fair dealing. Defendant Western Heritage then filed the present motion to dismiss claims two through seven. The Plaintiff agreed to voluntarily dismiss Count II, leaving Counts III through VII to the disposition of this Court under the pending Motion to Dismiss.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

---

[1] On November 3, 2014, the Plaintiff stipulated to the dismissal without prejudice of all other Defendants [Docket No. 11], leaving Defendant Western Heritage as the sole remaining Defendant in this case.

*citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). The Court will address each cause of action in turn.

### Count III: Breach of Fiduciary Duty

The Plaintiff asserts in his Petition that a special relationship akin to that of a fiduciary existed between the Plaintiff and Defendant due to unequal bargaining power, the quasi-public nature of insurance, and the potential for the Defendant to exploit the

Plaintiff's vulnerability. *See* Petition, Docket No. 3, Ex. 2, pp. 7-8 ¶¶ 34-41. He further alleged that the Defendant's specialized knowledge and duty to act reasonably created this special relationship. *Id.* The Defendant contends that under established Oklahoma law, an insurer does not owe a fiduciary duty to an insured.

In support of his claim for breach of a fiduciary duty, the Plaintiff relies on *Quinlan v. Koch Oil Co.*, 25 F.3d 936 (10th Cir. 1994), which states, "Fiduciary relationships are not limited to any specific legal relationship, but can arise anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person." *Id.* at 942, *quoting Devery Implement Co. v. J.I. Case Co*, 944 F.2d 724, 730 (10th Cir. 1991). The four elements of a breach of fiduciary duty claim are: "(1) the existence of a fiduciary relationship, (2) a duty arising out of the fiduciary relationship, (3) a breach of the duty, and (4) damages proximately caused by the breach of duty." *F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998). The Plaintiff's assertion ignores that the Oklahoma Supreme Court has already determined that the special relationship between insurer and insured "stem[s] from the quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable," and that such a "special relationship creates a nondelegable duty of good faith and fair dealing on the part of the insured." *Wathor v. Mutual Assurance Administrator Inc.*, 2004 OK 2, ¶ 6, 87 P.3d 559, 561-562, *citing Christian v. American Home Assurance Co.*, 1977 OK 141, 577 P.2d 899, 902-904. The Tenth Circuit stated, "Oklahoma law would recognize a fiduciary duty arising out of a

--4--

commercial contract if the transaction involved facts and circumstances indicative of the imposition of trust and confidence, rather than facts and circumstances indicative of an arms length commercial contract. *Quinlan*, 25 F.3d at 942. Plaintiff has pleaded no facts that support such an allegation of a fiduciary duty, nor has he asserted facts disclosed during discovery would lend support to such an allegation. Further, the Plaintiff has already asserted a valid claim for a violation of the duty of good faith and fair dealing (Count VIII), which the Defendant does not challenge. *See Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78 ¶ 12, 309 P.3d 147, 150 ("[T]he existence of the duty of good faith and fair dealing implied in insurance contracts does not necessarily mean Plaintiffs' petition states a claim for breach of fiduciary duty."). *See also Swickey v. Silvey Companies*, 1999 OK CIV APP 48 ¶ 12, 979 P.2d 266, 269 ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer . . . Granted, Agency had a duty to act reasonably, given the specialized knowledge it possessed of the terms and conditions of insurance policies generally. But, that specialized knowledge, such as it was, did not in this case create such a special relation . . . so as to make Agency a fiduciary[.]"). Accordingly, the Court finds that the Plaintiff has failed to state a plausible claim for breach of fiduciary duty against the Defendant Western Heritage. *See, e. g.*, *Wolf v. State Farm and Cas. Co.*, 2015 WL 1014650, at *5 (W.D. Okla. Mar. 9, 2015) ("[T]he Oklahoma Supreme Court has found that the special relationship that exists between an insured and insurer creates a nondelegable duty of good faith and fair dealing. Since the Court has already found that plaintiff has sufficiently pled a cause of action for breach of the duty of good faith and

fair dealing, the Court finds that plaintiff's breach of fiduciary duty claim should be dismissed."), *citing Wathor*, 2004 OK 2, ¶6, 87 P.3d at 561-562; *Supermart No. 7 v. North Star Mutual Ins. Co.*, 2015 WL 737006, at *2 (W.D. Okla. Feb. 20, 2015) (same). *But see SAB One, Inc. v. Travelers Indem. Co. of Connecticut*, 2014 WL 6901741, at *3 (W.D. Okla. Dec. 5, 2014) (allowing amendment of Complaint where Plaintiff had argued "that sufficient facts to establish a fiduciary relationship may come to light during discovery so dismissal would be premature."); *Atlantic Mut. Ins. Co. v. Stephen B. Browne Co.*, 2010 WL 796773, at *5 (W.D. Okla. Feb. 26, 2010) (same).

**Count IV: Negligent Procurement of Insurance**

Next, the Plaintiff asserts that Defendant Western Heritage is vicariously liable for the actions of its agent, former co-Defendant Specialty Insurance, and that Western Heritage owed him "a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance[.]" *See* Docket No. 3, Ex. 2, pp. 8-10, ¶¶ 47-57. "In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Swickey,* 1999 OK CIV APP 48 ¶ 9, 979 P.2d 266, 268. If an insured accepts a policy, "the provisions of which are plain, clear, and free from all ambiguity, [he] is chargeable with knowledge of the terms and legal effect of these contracts." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 1902 OK 7 ¶ 2, 69 P. 936, 937 (Okla. Terr.). Furthermore, "insurance companies [and] their agents [do not] have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Companies, Inc.*, 2004

OK CIV APP 11, ¶ 2, 83 P.3d 894, 895, *quoting Mueggenborg v. Ellis*, 2002 OK CIV APP 88, ¶ 7, 55 P.3d 452, 453. On the face of his Petition, the Plaintiff has alleged that Defendant Specialty Insurance (and not Western Heritage) breached a duty in *how* they procured an insurance policy and subsequently failed to inform him of the limitations of the *acquired* policy, and that Western Heritage is therefore vicariously liable because Specialty Insurance was an agent of Western Heritage. Plaintiff in his Petition has not alleged that the agent failed to procure insurance at all, but is rather complaining of the policy that was procured, and that Western Heritage is vicariously liable for the inadequacies of said policy. "[N]o duty exists upon an insurer to provide an 'adequate amount' of coverage when the insurer did not fail to procure insurance for the insured." *Supermart No. 7*, 2015 WL 737006, at *3 (slip op.) ("Supermart does not allege it did not have insurance coverage during the wind/hail storm . . . As a result of Supermart's failure to demonstrate it lacked property insurance during [the storm], the Court finds that North Star is entitled to judgment on the pleadings as to Supermart's negligence in the procurement of insurance claim."), *citing Cosper*, 2013 OK CIV APP 78 ¶ 8-9, 309 P.3d at 149; *Smith v. Allstate Vehicle and Property Ins. Co.*, 2014 WL 1382488, at *2 (W.D. Okla. Apr. 8, 2014) (slip op.) ("Because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for his conduct in conjunction with the procurement of their policy fails."). *See also Country Gold, Inc. v. State Auto Property and Casualty Insurance Co.*, 2015 WL 431638, at *3 (W.D. Okla. Feb. 2, 2015) ("[T]here is no legal basis for Plaintiff's negligence claim based on an

alleged failure of Defendant's agent to properly advise Plaintiff regarding its insurance needs or to procure a policy that provided an adequate amount of replacement cost coverage."); *Rivera v. Hartford Ins. Co. of the Midwest*, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (same). Accordingly, the Court finds that the Defendant is entitled to dismissal of this claim.

### Count V: Constructive Fraud/Negligent Misrepresentation

In the Plaintiff's fifth cause of action, he alleges that he was misled by Specialty Insurance's misrepresentations to purchase Western Heritage's insurance policy, and that Western Heritage is vicariously liable because Defendant Specialty Insurance breached its duty by misrepresenting that: (i) the insurance procured was one of replacement, (ii) the amount of coverage procured was equal to the estimated replacement cost of his property, and (iii) the amount of coverage provided would provide the necessary coverage in the event it was destroyed by a covered loss. *See* Docket No. 3, Ex. 2, pp. 11-13, ¶¶ 58-71. *See Supermart No. 7*, 2015 WL 737006, at *3 (in claim for negligent procurement, alleged that agent and insurance company "breached their duties owed to Plaintiff by: [i. p]rocuring an insurance policy that did not serve to actually replace its business and personal property when it was damaged or destroyed by a covered loss[, ii. p]rocuring an insurance policy that did not accurately reflect the replacement cost of Plaintiff's dwelling[, and iii. F]ailing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff."). Under Oklahoma law, constructive fraud "consists: 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to

his prejudice, or to the prejudice of any one claiming under him; or, 2. in any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud." 15 Oka. Stat. § 59. Generally, Oklahoma courts have found that insurance companies and their agents do not have a duty to advise someone as to their insurance needs. *Mueggenborg*, 2002 OK CIV APP 88, ¶ 7, 55 P.3d at 453 ([T]he majority of other jurisdictions have rejected the concept that insurance companies or their agents have a duty to advise an insured with respect to his insurance needs.). If, then, there is no duty, then such a claim of constructive fraud by way of negligent misrepresentation must fail. *See Cosper*, 2013 OK CIV APP 78, ¶ 11, 309 P.3d at 149-150 ("Title 15 O.S. 2011 § 59 defines constructive fraud as a breach of duty which allows one to gain advantage by misleading another. Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails."). Here, the Plaintiff has failed to establish the existence of such a duty under Oklahoma law, nor has he proffered any statement that their relationship was anything other than an arms' length transaction. *See also Silver v. Slusher*, 1988 OK 53 ¶ 7 & n.11, 770 P.2d 878, 882 (finding theory of constructive fraud unavailable to insureds where: (i) insurance company had no statutory duty, (ii) their relationship was at arms' length, and (iii) argument was not submitted to the trial court). As noted above, the Plaintiff received a copy of his insurance policy, and he was charged with knowledge regarding the terms of the policy. *See Liverpool*, 1902 OK 7 ¶ 2, 69 P. 936, 937. In *Country Gold*, where the Plaintiff made the identical allegation of constructive fraud based on negligent misrepresentation of an insurance agent, the Court held that although the "Plaintiff argues generally that Defendant owed a

duty to exercise reasonable skill and diligence in procuring the insurance Plaintiff requested and that an insurance agent should be held accountable for misrepresenting the terms or limits of an insurance policy," the Plaintiff had nevertheless "fail[ed] to address" the argument that he had received a copy of the policy and that the policy as written was applied to his claim. *Country Gold*, 2015 WL 431638, at *4 ("[T]he Court finds Plaintiff's arguments regarding the duties of an insurance company or insurance agent to be unpersuasive in light of Oklahoma case law."). *See also Supermart No. 7*, 2015 WL 737006, at *3 ("As a result of Supermart's failure to demonstrate it lacked property insurance during the [storm], the Court finds that North Star is entitled to judgment on the pleadings as to Supermart's negligence in the procurement of insurance claim."); *Rivera*, 2014 WL 7335320, at *2 ("[P]laintiffs do not allege in their complaint that they actually requested *specific* coverage which Hartford failed to provide. Instead, they make the general assertion that they 'trusted and believed Defendant HARTFORD had the requisite insurance broker/agent skills and expertise to properly procure the replacement cost coverage Plaintiffs requested.' The lack of factual allegations demonstrating a specific breach of duty renders plaintiffs' negligent procurement claim insufficient. Without an underlying duty, their constructive fraud/misrepresentation claim and negligent underwriting claims also fail."). The Plaintiff has likewise failed to do so here. Accordingly, the Plaintiff has failed to state a plausible claim for relief for constructive fraud based on negligent misrepresentation.

### Count VI: Negligent Underwriting

Plaintiff alleges in his sixth cause of action that the Defendant Western Heritage

breached its duty of good faith by failing to "conduct an appropriate underwriting analysis" and that the breach "resulted in both inconsistent and inaccurate replacement cost valuations whereby the Plaintiff paid premiums for policy limits that did not accurately reflect the risks insured." *See* Docket No. 3, Ex. 2, pp. 13-16, ¶¶ 72-86. He further alleges that Western Heritage applied "annual inflationary adjustments . . . without regard to whether or not the inflationary adjustment increase was necessary[.]" *Id* at ¶ 77. The Defendant asserts that this is not a recognized claim under Oklahoma law, and the Court agrees. After citing cases referring to negligent procurement of insurance, the Plaintiff asserts that he has nonetheless stated a proper claim for negligent underwriting because the Defendant raised his premiums on a negligent evaluation of the property values, leading to excess profits for the insurance company. The Court has found no law to suggest that a common law action for negligence may be based on an insurer's decision to raise an insured's premium. *Cf. Murchison v. Progressive Northern Ins. Co.*, 572 F. Supp. 2d 1281, 1284 (E.D. Okla. 2008) ("The court has found nothing that might suggest that a common law action for negligence exists based on an insurer's failure to pay a claim for six months. . . . If every insured could bring a claim for negligence against the insurer under the insurance contract, there would be no need for claims of breach of contract and bad faith. Negligence actions would swallow insurance jurisprudence."). After reviewing the Plaintiff's factual allegations and construing them in the light most favorable to the Plaintiff, the Court nevertheless concludes that he has failed to state a claim of negligent underwriting, or to support its existence under Oklahoma law. As in *Supermart*, the Court thus finds that the Plaintiff has simply

alleged a claim of bad faith, which remains as the Plaintiff's eighth cause of action. *Supermart No. 7*, 2015 WL 737006, at *4 ("Having carefully reviewed Supermart's Complaint, and presuming all of Supermart's factual allegations are true and construing them in the light most favorable to Supermart, the Court finds that Supermart has failed to state a claim for negligent underwriting.  The Court specifically finds that Supermart has failed to identify any authority showing negligent underwriting is a recognized form of recovery against insurers in Oklahoma. . . . The Court finds that this allegation is essentially a bad faith claim, and [that] Supermart has already pled a cause of action for the breach of the duty of good faith and fair dealing[.]").  *See also Country Gold*, 2015 WL 431638, at *3 ("Similarly, Plaintiff provides no legal authority that would support the negligent underwriting theory asserted."); *Rivera*, 2014 WL 7335320, at *2 ("The lack of factual allegations demonstrating a specific breach of duty renders plaintiffs' negligent procurement claim insufficient.  Without an underlying duty, their constructive fraud/misrepresentation claim and negligent underwriting claims also fail.").

**Count VII:  Violation of the Oklahoma Consumer Protection Act**

Finally, the Plaintiff alleges that Western Heritage violated the Oklahoma Consumer Protection Act.  To recover under the Oklahoma Consumer Protection Act ("OCPA"), the elements for a private cause of action are:  "(1) that the defendant engaged in an unlawful practice as defined in 15 O.S. § 753; (2) that the challenged practice occurred in the course of the defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Patterson v. Beall*, 2000 OK 92, ¶ 30, 19 P.3d 839, 846; 15 O.S. §§ 752-754, §

753 (enumerating unlawful practices under the OCPA). Exemptions to the Oklahoma Consumer Protection Acts authority exist when there are "[a]ctions or transactions regulated under laws administered by . . . any other regulatory body[.]" 15 O.S. § 754. The Defendant asserts, and the Plaintiff agrees, that Western Heritage is regulated by the Department of Insurance, but the Plaintiff nevertheless contends that the specific conduct at issue in his Petition is not thus regulated. But,

> The regulatory authority of the Insurance Commissioner under the Oklahoma Insurance Code, Okla. Stat. tit. 36, §§ 101–7301, expressly encompasses the conduct of insurers in the marketing and sale of insurance policies, disclosures of information, and the adjustment of claims. Further, the Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance."

*Country Gold*, 2015 WL 431638, at *5, *quoting* 36 Okla. Stat. §307. "Further, the Court is persuaded by the conclusion of the Oklahoma Court of Civil Appeals that the exemption of § 754(2) applies when an OCPA claim rests on 'an insurer's activity in the business of insurance.' Federal courts called to consider the exemption have agreed." *Country Gold*, 2015 WL 431638, at *5, *quoting Conatzer v. Am. Mercury Ins. Co.*, 2000 OK CIV App 141 ¶ 8, 15 P.3d 1252, 1255, *citing Childs v. Unified Life Ins. Co.,* 781 F. Supp. 2d 1240, 1250 (N.D. Okla. 2011) *and Thomas v. Metro. Life Ins. Co.,* 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008)." Here, as in *Country Gold*, the Plaintiff's allegations fall within the purview of an insurer engaged in the business of insurance, which are regulated by the Oklahoma Department of Insurance and may not be raised under the OCPA. *See Wolf*, 2015 WL 1014650, at *4 ("[D]efendant is an insurer regulated by the Oklahoma Department of Insurance, and plaintiff's alleged actions against defendant all

fall under the premise of doing business with an insurance company, actions regulated by the Oklahoma Department of Insurance."); *Supermart No. 7*, 2015 WL 737006, at *4 ("North Star is an insurer regulated by the Oklahoma Department of Insurance, and Supermart's alleged actions against North Star all fall under the premise of doing business with an insurance company; actions regulated by the Oklahoma Department of Insurance.").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant Western Heritage Insurance Company's Partial Motion to Dismiss and Brief in Support [Docket No. 8] is hereby GRANTED, and that the Plaintiff's second, third, fourth, fifth, sixth, and seventh causes of action are hereby DISMISSED.

**IT IS SO ORDERED** this 21st day of May, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**